# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

DARRELL H. JONES,                    )        CASE NO.  5:21-cv-1614
                                     )
            PLAINTIFF,               )        JUDGE SARA LIOI
                                     )
                                     )
vs.                                  )        MEMORANDUM OPINION
                                     )        AND ORDER
                                     )
DAVE YOST, et al.,                   )
                                     )
            DEFENDANTS.              )

*Pro se* plaintiff Darrell H. Jones filed this action against the following defendants: Ohio Governor Mike DeWine; Judge Natalie Haupt; Kyle L. Stone, Stark County Prosecuting Attorney; Bradley R. Iams, Stark County Public Defender; "State ex rel[] John D. Ferrero, Jr."; Bill Smith, Stark County Commissioner; Thomas Bernabei, Mayor of the City of Canton; "State ex rel[] Daniel J. Petricini"; "Meyer", "Stark County Canton Corporate Officer"; Aaron Kovalchik, Stark County Public Defender; and two members of the Adult Parole Authority ("APA"), Katrina Ransom and Jessica Dennis. (Doc. No. 1 (Complaint).) For the following reasons, this action is dismissed.

## I. Background

On August 18, 2021, plaintiff filed a complaint containing very few facts, disjointed statements, and seemingly random legal citations. As best the Court can discern, plaintiff's complaint concerns his arrest and conviction in Stark County. It appears that plaintiff alleges he was "abducted, arrested, [and] kidnapped" by the Stark County Sheriff and unlawfully restrained

of his private liberties at the Stark County Jail. According to plaintiff, he was then indicted, tried, convicted, sentenced, and "held as ransom for a penal sum for the ss: vessel: Darrell Homer Jones, a legal fiction and held for a sur[e]ty by the Canton Stark County Municipal Police Courts[.]" (Doc. No. 1 at 5–6.) He alleges in a conclusory fashion throughout his complaint that "said public officials" "worked a fraud" upon him "by having him believe he was a United States person"; caused harm by "fraud, defamation of character, ridicule, deception, harassment, unlawful arrest, abduction, kidnapping, coercion, unlawful restraint, [and] discrimination"; denied him equal protection of the laws in violation of the First, Fifth, Sixth, Eighth, and Thirteenth Amendments; prosecuted him "under false pretenses on high seas"; "subjected the plaintiff to . . . jurisdiction over his anatomy"; and subjected him to involuntary servitude. (*Id*. at 5–15.)

It appears that plaintiff seeks to be released from confinement, as he expresses throughout his complaint that he wishes to "go about his annual daily course of business." (*See, e.g., id.* at 13.) He appears to also seek monetary damages, however, he failed to indicate the amount. (*See id*. at 16.)

## II. Discussion

### A. Standard of Review

By separate order, the Court has granted this *pro se* plaintiff's motion to proceed *in forma pauperis.* (Doc. Nos. 2, 5; *see* Doc. No. 7.) Accordingly, because plaintiff is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct.

594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir. 1998).

## B. Analysis

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520–21; *Jourdan v. Jabe*,

951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted).

Here, plaintiff fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to connect any alleged occurrence to any specific injury, and he fails to identify how the defendants harmed him.  Indeed, plaintiff fails to include virtually any factual allegations, and he does not assert a discernable claim based on recognized legal authority. Merely listing defendants in the caption of the complaint, but raising no specific factual allegations against each defendant, is insufficient to raise a plausible claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)). The complaint does not satisfy the minimum pleading requirements of Fed. R. Civ. P. 8 and is therefore dismissed on this basis.

Even if this action were not subject to dismissal as noted above, plaintiff cannot collaterally attack his state court conviction in federal court. To the extent plaintiff's criminal proceedings are still pending in the state court, this Court must abstain from hearing challenges to the state court proceedings. A federal court must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances which are not present here. *See Younger v. Harris*, 401 U.S. 37, 44–45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). When an individual is the subject of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal

action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir.1988). If an individual files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Defender's Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43–45)). Abstention is mandated whether the state-court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Here, if plaintiff's criminal proceedings are still pending, all three factors supporting abstention are present. Criminal proceedings implicate important state interests. *See Leveye*, 73 F. App'x at 794 (a criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere) (citing *Younger*, 401 U.S. at 43–45). And the final factor of the *Younger* abstention is that plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979). The plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that

state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims asserted by plaintiff in this federal action are barred in the state action. This Court must therefore abstain from interfering with plaintiff's pending state criminal proceedings.

To the extent plaintiff claims that he was unlawfully charged and detained in the Stark County criminal case, habeas corpus is the exclusive remedy to challenge the fact or duration of his conviction and/or confinement. *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)). A state prisoner does not state a cognizable civil rights claim unless and until his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. Plaintiff does not allege or infer in the pleadings that the criminal proceedings in Stark County have been resolved in his favor or invalidated in any of the ways articulated in *Heck*.

Finally, to the extent plaintiff's complaint constitutes an appeal of any state court proceeding, the *Rooker-Feldman* doctrine bars this Court's consideration of his claims. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). The *Rooker–Feldman* doctrine stands for the principle that lower federal courts have no jurisdiction to review state court judgments. "Where federal relief can only be predicated upon a

conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296–97 (8th Cir. 1990) (quoting *Pennzoil*, 481 U.S. at 25)), *amended on other grounds*, 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415–16. This Court therefore lacks jurisdiction to entertain such an appeal.

### III. Conclusion

For the foregoing reasons, this action is dismissed. Plaintiff's motion for the appointment of counsel is denied as moot. (Doc. No. 3.) The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 21, 2022
                                        _____
                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**